IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| CLARENCE BROOKS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-14-919-HE |
| GARFIELD COUNTY JAIL; JERRY NILES, SHERIFF; JENNIFER NILES, JAIL ADMINISTRATOR; NANCY STANLEY, SUPERVISOR; and RHONDA BRADLEY, BOOKING SUPERVISOR, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing *pro se*, has filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.). United States District Judge Joe Heaton has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). An initial review of the Complaint has been conducted pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915 (pertaining to *in forma pauperis* proceedings). Based on the initial review, it is recommended that the Complaint be **DISMISSED** *sua sponte* without prejudice for failure to state a claim upon which relief may be granted.

### I. Background

Plaintiff alleges in his Complaint that he has been frequently "lock[ed] down for no reason at all." (ECF No. 1:2). He alleges that some of the jail personnel to whom he has sent requests to staff have given him inconsistent answers regarding the reasons for his being "locked down." (ECF No. 1:11). Plaintiff states that he was "locked down" on June 22, 2014, for no apparent reason. (ECF No. 1:8). Plaintiff contends that for four

or five days, he had been confined with no opportunity to shower or exercise. Plaintiff acknowledges that when an officer came to release his cellmate, he, the Plaintiff, "grabbed his equipment that was needed for a shower and also ran out of the cell." (ECF No. 1:8). Not surprisingly, Plaintiff was "locked down" again. Plaintiff states that Defendant Nancy Stanley "is trying to say I am locked-down because I refused to lockdown[.]" (ECF No. 1:8). Plaintiff was dissatisfied with Defendant Stanley's explanation because she "never explained why [Plaintiff] was locked down before that [incident] took place." (ECF No. 1-8).

Plaintiff states that he filed a request to staff form addressed to Defendant Rhonda Bradley, but that Defendant Bradley "pushed the request form off to Nancy Stanley." (ECF No. 1:8).

Plaintiff contends that Defendant Stanley "lied and said [Plaintiff] was put on lock down on the 9th of July, 2014[,]" and stated that Plaintiff was on "lockdown" for assaulting a staff member and another inmate. (ECF No. 1:9).

According to Plaintiff "they came to search [Plaintiff's] room" but never showed Plaintiff any contraband "because there was not any." (ECF No. 1:9). Plaintiff does not explain whether or not he was charged with possessing contraband.

Plaintiff admits to refusing to obey staff and refusing to sign paperwork, insisting that he assaulted no one. (ECF No. 1:8-9).

Plaintiff states that on August 18, 2014, he filed a request to staff form and sent it to Defendant Sheriff Jerry Niles, who replied on August 20, 2014, that Plaintiff was

2

locked down for throwing liquid at a staff member and a tray at a trustee. (ECF No. 1:10).

Plaintiff states that previously, on August 14, 2014, he had directed a request to staff to Defendant Jennifer Niles and that on August 18, 2014, she gave the same answer the sheriff gave two days later. (ECF No. 1:11). Plaintiff claims Defendant Sheriff and Defendant Jennifer Niles conspired to give the same answer, as evidenced by the fact that the answers provided by Defendants Sheriff Niles and Jennifer Niles were not the same as the answer provided by Defendant Stanley. (ECF No. 1:11).

Finally, Plaintiff states that he had been incarcerated in the same facility for a year without incident. He claims the problems about which he complains did not begin until "after [he] filed [a] complaint on this agency." (ECF No. 1:12).

Plaintiff seeks $15,000 in damages "[f]or stress and also pain." (ECF No. 1:6).

## II. Grounds for Dismissal

Pursuant to 28 U.S.C. § 1915A, this Court must review complaints filed in civil actions by prisoners seeking redress from a governmental entity or officer or employee of a governmental entity. After conducting the initial review, this Court must dismiss the complaint, or any portion of the complaint, which is frivolous, malicious or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). *See also* § 1915(e)(2)(B)(i-iii); *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). When this Court conducts an initial review, the Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most

3

favorable to Plaintiff, just as it would if it were reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

In conducting the initial review, the Court must consider whether Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In determining whether a claim is "plausible," the court must "draw on its judicial experience and common sense." *Id.* at 679. "Pleadings that do not allow for at least a 'reasonable inference' of the legally relevant facts are insufficient." *Burnett v. Mortg. Elec. Regist. Sys, Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

### III. Analysis

#### A. Claims Against Garfield County Jail

Plaintiff's claims against the Garfield County Jail must be dismissed. Rule 17(b) of the Federal Rules of Civil Procedure provides that the law of the state in which a non-corporate entity is located determines its capacity to be sued. In Oklahoma, a county jail is a subdivision of the county in which it is located and has no separate legal identity under Oklahoma law. *See Powell v. Cleveland Cnty. Justice Center*, No. CIV-13-120-R, 2013 WL 952285 at *3 (W.D. Okla. Feb. 13, 2013 (unpublished report and recommendation), adopted, 2013 WL 951567 (W.D. Okla. Mar. 11, 2013) (unpublished

order). Because the Garfield County Jail is a subdivision of Garfield County, it does not possess the capacity to be sued, and all claims against the jail should be dismissed.

### B. Personal Participation of Defendants

In this case, Plaintiff names as defendants Jerry Niles, the Sheriff of Garfield County, Jennifer Niles, the Jail Administrator, Nancy Stanley, identified only as "Supervisor" and Rhonda Bradley, identified as Booking Supervisor. The claims against Defendants are based primarily on their having received a request to staff or grievance from Plaintiff.

Plaintiff's sole claim against Defendant Bradley involves a request to staff. Plaintiff states he "filled out a request form to Rhonda Bradley, and Rhonda Bradley pushed the request form off to Nancy Stanley." Although his Complaint is far from clear, it appears that Plaintiff is accusing Defendant Stanley of misrepresenting the amount of time Plaintiff spent in "lockdown" and the reasons for her having placed Plaintiff in "lockdown." (ECF No. 1:8-9). According to Plaintiff, Defendant Stanley accused Plaintiff of refusing to "lockdown," assaulting a staff member, and having contraband in his cell.

Because Defendants Jerry Niles and Jennifer Niles gave the same answer to Plaintiff's request and grievance respectively, Plaintiff contends that they "conspired [because] that's why they did not come up with what the first one replied." (ECF No. 1:11). Although not entirely clear, it appears that the "first one" refers to Defendant Stanley.

Because vicarious liability does not apply in a § 1983 action, "a plaintiff must plead [and demonstrate] that each Government-official defendant, through the official's

5

own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. at 667. In the case of a supervisory official, "mere knowledge" of a subordinate's unconstitutional actions is not enough to hold the supervisor liable under §1983 for the subordinate's conduct. *Id.* Thus, the mere denial of a grievance is not "personal participation" sufficient to state a claim against a prison official under 42 U.S.C. § 1983. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

Plaintiff's claims against Defendants Jerry Niles, Jennifer Niles and Rhonda Bradley should be dismissed because Plaintiff's only claims against these Defendants involve requests to staff and a grievance. Plaintiff has failed to demonstrate that any of these Defendants personally participated in any constitutional violation. Plaintiff's allegations against Defendant Stanley based on her allegedly inaccurate response to a request to staff, do not rise to the level of a constitutional claim.

### C. Due Process Clause

This Court's liberal construction of Plaintiff's Complaint leads to the supposition that he is attempting to state a claim based on alleged violation of his due process rights. Plaintiff does not state such a claim.

The Fourteenth Amendment provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court considered whether inmates have a liberty interest in remaining in the general population as opposed to disciplinary segregation. A majority of the Court held that disciplinary actions do not violate the Due Process Clause unless the discipline "imposes atypical and significant hardship on the inmate in relation to the

ordinary incidents of prison life." *Id.*, at 484. Plaintiff has not presented sufficient facts to state a due process claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570.

### D. <u>Claim of Retaliation</u>

In one sentence at the end of his Complaint, Plaintiff states that "none of this stuff happened until after I filed [a] complaint on this agency." (ECF 1:12). This allegation is liberally construed as a claim that someone has retaliated against him for, perhaps, filing a previous law suit.

Plaintiff enjoys a First Amendment right to "petition the Government for a redress of grievances." *See also Bounds v. Smith*, 430 U.S. 817, 821 (1977) ("It is now established beyond doubt that prisoners have a constitutional right of access to the courts."). Additionally, "[i]t is well-settled that '[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts.'" *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (citation omitted). However, "an inmate is not inoculated from the normal conditions of confinement experienced by convicted felons . . . merely because he has engaged in protected activity." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). Therefore, Plaintiff must allege "'specific facts' showing that "'but for' the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." *Id.* (citation omitted).

Additionally, Rule 8 of the Federal Rules of Civil Procedure supports dismissal of this claim. The purpose of a complaint is to give the opposing parties fair notice of the

7

basis for the claims against them so that they may respond, and to allow the Court to conclude whether the allegations, if proven, would entitle the plaintiff to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). Rule 8 of the Federal Rules of Civil Procedure is designed to ensure that a plaintiff meets these requirements. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069–70 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The defect in Plaintiff's retaliation claim is vagueness; he does not state what each Defendant did to him, when each Defendant did what he or she did, and how each act violated a specific constitutional right. As a result of this deficiency, Plaintiff has failed to state a claim of retaliation against any of the Defendants named in this § 1983 action.

**RECOMMENDATION**

In light of the foregoing, it is recommended that this action be **DISMISSED** on filing without prejudice, for failure to state a claim upon which relief may be granted. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **October 27, 2014**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** on October 10, 2014.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE